## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA McGAUGHRAN, <br> Plaintiff <br><br> v. <br><br> PATRICK OAKES, an Individual; <br> NATIONAL TAX EXPERTS, <br> a corporation; and DOES 1 through 50, <br> inclusive, | Case No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Patricia McGaughran, by and through their attorneys, The Downey Law Firm, LLC, and complaining of Patrick Oakes, and National Tax Experts (collectively referred to as "Defendants"), alleging as follows.

### JURISDICTION and VENUE

1. Plaintiff, Patricia McGaughran (hereinafter "Plaintiff") is a resident of Northampton County, Pennsylvania.

2. Defendant, Patrick Oakes, is an individual residing in Los Angeles County, California, and was an officer, director or managing agent of National Tax Experts (hereinafter "National").

3. NATIONAL TAX EXPERTS was, upon information and belief, a national association, headquartered in California. At all times alleged herein NATIONAL TAX has and does conduct business in and purposefully avails itself of the jurisdiction of the Commonwealth of Pennsylvania.

4. The amount in controversy exceeds $75,000. The Court has Jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. The incidents giving rise to this lawsuit occurred in Northampton County, Pennsylvania. Venue is proper in the Eastern District of Pennsylvania (Allentown) pursuant to 28 U.S.C §1391.

6. Plaintiff is informed and believe, and thereon allege, that at all times mentioned herein, Defendants and DOES 1 through 50, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture.

## STATEMENT OF FACTS

7. In or about 2018, Plaintiff and her husband, James McGaughran (deceased August, 2020), found themselves in substantial debt as a result of back taxes owed to the IRS.

8. To induce Plaintiff and her husband to sign a contract, Defendants assured Plaintiffs of their extensive contacts and connections within the IRS that would ensure that they could dramatically reduce the tax Debt of Plaintiff and her husband

9. On March 15, 2018, Plaintiff and her husband, entered into an agreement wherein NATIONAL agreed to provide certain services including Prepare, file and/or negotiating am offer in compromise of the McGaughran's estimated $90,000 dollars in unpaid tax liabilities, for a "TOTAL OF ALL FEES" of $5,000 dollars.  March 14, 2018 contract, attached hereto as Exhibit "A"

10. On April 6, 2018 an unsigned "Payment Authorization & Addendum" was attached to the previously signed agreement, in which the fee to be paid was no longer $5,000, but now was a Service Fee of $32,500 dollars, with a first payment of amount of $5,000 dollars. After that time via repeated representations that National was negotiating with the Internal

Revenue Service to reduce Plaintiff's tax arrearages, Plaintiffs continued to pay tens of thousands of dollars to National.  *See, Id.*, final page.

11.     Thereafter, National began to extract tens of thousands of dollars from the bank accounts of the McGaughrans, but failed to reduce their tax liability.  Indeed, tax liability increased as a result of interest penalties.  Indeed, despite the original "Total Price" of $5,000 dollars, National was at times extracting over $10,000 per month from Plaintiff's bank account. *Withdraw History* attached as Exhibit "B".

After National became aware of the death of James McGaughran in August, 2020, National

12.     Subsequent to the fleecing of Plaintiff and her deceased husband, Patrick Oakes sent a text message in which he offered on behalf of National "an unused portion of retainer". However, no retainer had ever been paid, but rather monies, in excess of $100,000 dollars, had been looted by Defendants.  *Text message* attached hereto as Exhibit "C".

13.     Indeed, for solicitations and acts against Maryland consumers, which bear a remarkable resemblance to the fraud and deceptive practices utilized against Plaintiff, Defendants, Patrick Oakes, and National Tax Experts have been banned form transacting business in Maryland.  See, Exhibit "D"

14.     Plaintiff now has in excess of $200,000 in tax debt and tens of thousands in legal expenses attempting to repair the damages caused by Defendants' fraud.

## COUNT I

**[BREACH OF CONTRACT]**
(Plaintiff v. All Defendants)

15.     Plaintiffs realleges and incorporates herein the above numbered paragraphs, inclusive, of this Complaint as though fully set forth herein.

16.     Plaintiff entered into a written contract in which the quoted fee was $5000 dollars, to resolve a tax debt of $90,000 dollars, but has paid well in excess of $100,000 dollars and now has a tax debt in excess of $200,000 dollars.

17.     Defendants' failure to act in accordance with the terms of the agreements.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for all damages and relief as the Court finds necessary to redress injury to Plaintiff.

## COUNT II

**(FRAUD IN THE INDUCEMENT)**
(Plaintiff v. All Defendants)

18.     Plaintiffs realleges and incorporates herein the above numbered paragraphs, inclusive, of this Complaint as though fully set forth herein.

19.     Plaintiffs hereby allege that Defendants did knowingly and fraudulently make false statements to Plaintiff, upon which Plaintiff justifiably relied to her detriment, to wit, that Defendants would only charge $5,000 dollars in total to reduce their tax d(ebt, that Defendants would in fact reduce their tax debt and/or negotiate a payment plan, Defendants would prepare, file and negotiate tax relief with an Offer in Compromise for outstanding balances of Plaintiffs, Defendants would not misuse funds belonging to Plaintiffs.

20.     The aforementioned representations of material fact were false, and were made by Defendants with the intent of inducing Plaintiff to rely upon the promises and thus be induced to pay substantial sums of monies to Defendants.

21. Plaintiffs' reliance on the aforementioned false representations of material fact made by Defendant were justified because Plaintiffs were ignorant of the falsity of the representations of material fact.

22. As a direct and proximate cause of the unlawful acts and conduct alleged herein, Plaintiffs have been damaged in an amount to be proven at trial.

23. The willful, wanton, and outrageous conduct of Defendants, and each of them, as described herein, was done with malice, fraud, and/or oppression and with a willful and conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiffs. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for all damages, including punitive damages stemming from the willful, wanton, and outrageous behavior Defendants towards their client, and such other relief as the Court finds necessary to redress injury to Plaintiffs resulting from the intentional conduct of Defendants to defraud their client.

### COUNT III

**(BREACH OF FIDUCIARY DUTY)**
(Plaintiff v. All Defendants)

24. Plaintiff realleges and incorporates herein the above numbered paragraphs, inclusive, of this Complaint as though fully set forth herein.

25. Defendants owed a fiduciary duty to Plaintiff who was Defendants' principal and client. Defendants were obliged to act with the utmost good faith in the best interests of Plaintiff.

26.     Plaintiffs were harmed by Defendants' breach of the fiduciary duty of undivided loyalty, of confidentiality and to use reasonable care and. Defendants were Plaintiffs' agent; Defendants agreed to act on Plaintiffs' behalf to resolve tax matters; Defendants failed to act as a reasonably careful agent would have acted under the same or similar circumstances; Defendants acted against Plaintiffs' interests in resolving tax matters; Defendants used Plaintiffs' confidential information for their own benefit; Plaintiffs were harmed; and that Defendants' conduct was a substantial factor in causing Plaintiffs' harm.  Alternatively, Defendants failed to provide Plaintiffs with complete and accurate information, constructively or intentionally, and Plaintiffs were harmed as a result thereof.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for all damages, including punitive damages to punish the Defendants for their willful, wanton reckless and outrageous disregard for their fiduciary responsibilities owed to their clients, and such other relief as the Court finds necessary to redress injury to Plaintiff.

## COUNT IV

### (VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES & CONSUMER PROTECTION LAW (Pa UTPCPL)

(Plaintiff v. All Defendants)

27.     Plaintiff realleges and incorporates herein the above numbered paragraphs, inclusive, of this Complaint as though fully set forth herein.

28.     Defendants engaged in trade and commerce which directly affected the people of the Commonwealth of Pennsylvania when it marketed and sold their tax services in which they,

as a matter of fraudulent business practices, make false promises of services to be rendered, false promises, of fees to be charges, false assurances that services are in fact being rendered.

29. Defendants deliberately made promises of services they would render and their "inside" connections with the Internal Revenue Service which would result in a reduction of Plaintiff's back taxes and a reasonable payment plan.

30. The knowingly false promises as to what Defendants could do for the Plaintiff and what they would charge in exchange for such services, constitutes fraudulent and deceptive conduct which created a likelihood of confusion and misunderstanding, in violation of the UFTPCPL 73 P.S. Sec 202-2 *et seq*.

31. As a direct and proximate result of the above-described fraudulent conduct, the Plaintiff has sustained and is continuing to sustain. Monetary losses in excess of $100,000 dollars, liens on her property, accruing interest on tax debt.

WHEREFORE, Plaintiff claims compensatory damages in an amount three (3) times the actual monetary damages, plus reasonable attorney's fees and the costs of litigation, from the Defendants.

Dated: October 26, 2022                     THE DOWNEY LAW FIRM, LLC

By: *Philip Downey*
Philip A. Downey
Attorneys for Plaintiff
Patricia McGaughran